UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
ACTICON TECHNOLOGIES, a limited
liability company,
                Plaintiff,

    -against-                              REPORT & RECOMMENDATION
                                                          06 Civ. 4316(CM)(MDF)
HEISEI ELECTRONICS CO., LTD, a foreign
corporation; HEISEI USA, LLC, a limited
liability company; ADVANCE CREATIVE
COMPUTER CORP., a foreign corporation;
DTK COMPUTER INC., a corporation;
and LyCOM TECHNOLOGY, INC., a foreign
corporation,
                Defendants.
------------------------------------------------------------x

TO: HONORABLE COLLEEN McMAHON, U.S.D.J.

      This patent infringement lawsuit, brought by Plaintiff Acticon Technologies ("Acticon"), was referred to the undersigned by your Honor's order of February 9, 2007, for an inquest on the issue of damages. Two of the defendants, LyCOM Technology, Inc. ("LyCOM") and Advance Creative Computer Corp. ("Advance"), both foreign companies located in Taiwan, Republic of China, are in default.[1] Defendant DTK Computer Inc. ("DTK") is the United States subsidiary of Advance. Tr.12-13, Ex. 8.[2] The inquest was originally scheduled for May 2, 2007, and the Defendants were served with a Notice of Inquest apprising them of the date. When the inquest was adjourned to May 15, 2007, an additional Notice of Inquest, advising of the adjourned date, was served on the Defendants via Federal Express. Proof of service was filed with the Court.

---

    [1]Defendants Heisei Electronics Co., Ltd. and Heisei USA, LLC previously settled with Acticon. Tr. 28.

    [2] "Tr." refers to pages in the transcript, and "Ex." numbers refer to exhibits admitted at the May 15, 2007 inquest.

The patents in issue relate to smart conductors, which are the small, credit card-sized devices which plug into personal computers and allow the computer to connect to a peripheral device, such as a printer, fax machine or modem. Tr. 4. Because of the Defendants' default, by failing to answer, the well-pled allegations in the complaint are accepted as true, except as to damages. *See Cotton v. Slone,* 4 F.3d 176, 181 (2d Cir. 1993); *Masterfile Corp. v. J.V. Trading (Glendale) Ltd.*, 06 Civ. 6204, 2007 U.S. Dist. LEXIS 52044, at *2 (S.D.N.Y. July 18, 2007) (citations omitted); 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure Civil 3d § 2688 (2007).

Proof at the inquest established that LyCOM's and DTK's websites listed and offered for sale products which utilized Acticon's patents. Tr. 18-21; Exs. 13, 14. The infringing products listed and offered for sale by Advance and DTK are as follows: PC Cards (PCMCIA form factor devices), including but not limited to USB 2.0 CardBus PC Cards PUC-102, PUC-102N, PUC-104, PUC-104N, PUC-204, PFC-103, PFC103T, PFC-1031, and PFC-1031T. Exs. 3, 14. The infringing products listed and offered for sale by LyCOM are as follows: PC Cards (PCMCIA form factor devices), including but not limited to USB 2.0 (NEC) CardBus PC Card 2 Ports (PC-110), Mobile Serial ATA 2 Port CardBus PC Card (ST-109), USB 2.0 (NEC) + IEEE1394a(TI) Combo CardBus PC Card 4 Ports, and SATA-II-150 CardBus Adapter. Ex. 13.

Paul Lerner, the Senior Vice President and General Counsel of General Patent Corporation International, manager of Acticon, became aware that Advance was utilizing Acticon's patents in or about 2002-2003. Lerner then caused a series of letters to be sent to Advance, *see* Exs. 1, 3, 4, 5, 6, and to LyCOM, *see* Exs. 9, 10, 11, advising them of their

infringing conduct, listing the names of Acticon's other licensees,[3] and offering licenses. Advance initially responded, advising that it was having financial difficulties, *see* Ex. 2, but never replied to Acticon's subsequent offers to work out a licensing agreement. LyCOM never responded at all. The last communication to each of the infringing entities included a copy of the Complaint filed in the United States District Court in an action for patent infringement. Exs. 7, 12.

## CALCULATION OF DAMAGES

### Compensatory Damages

Due to the Defendants' default, Acticon has had no opportunity to conduct discovery as to the extent of the Defendants' sales of the infringing products. Accordingly, since damages are difficult to ascertain, any doubts must be resolved against the Defendants:

> [I]f actual damages can not be ascertained with precision because the evidence available from the infringer is inadequate, damages may be estimated on the best available evidence, taking cognizance of the reason for the inadequacy of proof and resolving doubt against the infringer.

*Sensonics, Inc. v. Aerosonic Corp.*, 81 F.3d 1566, 1572 (Fed. Cir. 1996) (citations omitted).

Pursuant to 35 U.S.C. § 284, the minimum statutory recovery available to a patent holder should be no less than a reasonable royalty for the use of the invention, together with costs and interest. "The royalty may be based upon an established royalty, if there is one, or if not, upon the supposed result of hypothetical negotiations between the plaintiff and defendant." *Rite-Hite*

---

[3] At the time of the inquest, there were 143 licensees of these patents. In the year 2006, there were approximately 100. Tr. 5.

*Corp. v. Kelley Co., Inc.* 56 F.3d 1538, 1554 (Fed. Cir.1995) (*en banc*) (citation and footnote omitted).  On this record, there is proof that co-defendants, Heisei Electronics Co., Ltd. and Heisei USA, LLC, settled with Acticon for a royalty rate of 5%, which yielded a total royalty of $1,000.00.  Tr. 28.  Therefore, I find that Acticon is entitled to an award of a $1,000.00 royalty[4] against each of the Defendants Advance and LyCOM.

### Willfulness

After being placed on notice of their infringing conduct, the Defendants continued their improper activities and have offered no proof that "a prudent person would have had sound reason to believe that the patent was not infringed or was invalid or unenforceable, and would be so held if litigated."  *SRI Int'l, Inc. v. Advanced Tech. Labs., Inc.* 127 F.3d 1462, 1465 (Fed. Cir. 1997) (citations omitted).  Where infringers act willfully, damages may be enhanced.  As the Federal Circuit explained,

> 35 U.S.C. § 284 of the Patent Act authorizes the court to "increase the damages up to three times the amount found or assessed."  The statute prescribes no standards for such increase, but precedent establishes that a person having knowledge of an adverse patent has an affirmative duty to exercise due care to avoid infringement of a presumptively valid and enforceable patent.

*Id.* at 1464.

In the instant action, it is evident that the Defendants were on notice of Acticon's patent rights and of the infringement of those rights by their products.  The Defendants' conduct was

---

[4]Ordinarily, the Court would apply the royalty rate – in this case, 5% – to the Defendants' sales figures for the infringing products.  However, since the Defendants have defaulted in this action, there is no evidence in the record regarding such sales.  Therefore, the Court will assume that the royalty payable by the Defendants is the same as the royalty paid by settling co-defendants, Heisei Electronics Co., Ltd. and Heisei USA, LLC.

clearly willful, entitling Acticon to treble damages under the statute. *See Avia Group Int'l, Inc. v. L.A. Gear California, Inc.*, 853 F.2d 1557, 1566 (Fed. Cir. 1988). Therefore, I recommend that the award of $1,000.00 in royalties from each of the Defendants be trebled.

### **Prejudgment Interest**

In a patent infringement suit, prejudgment interest "should ordinarily be awarded where necessary to afford the plaintiff full compensation for the infringement." *General Motors Corp. v. Devex Corp.*, 461 U.S. 648, 654 (1983); *see also id.* at 657 ("[P]rejudgment interest should be awarded under [35 U.S.C.] § 284 absent some justification for withholding such an award."). As the Supreme Court explained,

> In the typical case an award of prejudgment interest is necessary to ensure that the patent owner is placed in as good a position as he would have been in had the infringer entered into a reasonable royalty agreement. An award of interest from the time that the royalty payments would have been received merely serves to make the patent owner whole, since his damages consist not only of the value of the royalty payments but also of the foregone use of the money between the time of infringement and the date of judgment.

*Id.* at 655-56 (footnote omitted). The determination of the rate of prejudgment interest is within the discretion of the district court. *Bio-Rad Labs., Inc. v. Nicolet Instrument Corp.,* 807 F.2d 964, 969 (Fed. Cir. 1986) (citations omitted).

On this record, there is no justification for withholding an award of prejudgment interest. *See Sensonics, Inc.*, 81 F.3d at 1574 ("It was established in *General Motors Corp. v. Devex Corp.*, 461 U.S. 648, 103 S. Ct. 2058, 76 L. Ed. 2d 211, 217 USPQ 1185 (1983) that prejudgment interest is the rule, not the exception."). While Acticon has not presented any evidence concerning the rate of prejudgment interest that would best compensate it for the losses suffered as a result of the Defendants' infringing conduct, "[t]o deny prejudgment interest based

on calculation difficulties alone would be error." *Id.* (quoting *Lummus Indus., Inc. v. D.M. & E. Corp.*, 862 F.2d 267, 274-75 (Fed. Cir. 1988)).  Therefore, I recommend the award of prejudgment interest at the 52-week Treasury Bill rate, compounded annually, *i.e.*, the same rate used to calculate awards of post-judgment interest under 28 U.S.C. § 1961.  *See Accuscan, Inc. v. Xerox Corp.*, No. 96 Civ. 2579, 2000 WL 280005, at *2 (S.D.N.Y. Mar. 15, 2000) (Treasury Bill rate "has often been employed by the Federal Circuit and other courts in awarding prejudgment interest in patent cases.") (citing cases).  However, such prejudgment interest shall only be applied to the compensatory portion of the damage award, *i.e.*, the $1,000.00 in royalties assessed against each of the Defendants.  *See Beatrice Foods Co. v. New England Printing & Lithographing Co.*, 923 F.2d 1576, 1580 (Fed. Cir. 1991) (prejudgment interest cannot be applied to the enhanced, or punitive, portion of the damage award).

### **Attorneys' Fees and Costs**

> A trial court also has the authority to award attorney's fees to the prevailing party "in exceptional cases." 35 U.S.C. § 285. "An express finding of willful infringement is a sufficient basis for classifying a case as 'exceptional,' and indeed, when a trial court denies attorney fees in spite of a finding of willful infringement, the court must explain why the case is *not* 'exceptional' within the meaning of the statute."

*Bic Corp. v. First Prominence Co., Ltd.*, No. 00 CIV. 7155, 2001 WL 1597983, at *4 (S.D.N.Y. Dec. 10, 2001) (quoting *Modine Mfg. Co. v. Allen Group, Inc.*, 917 F.2d 538, 543 (Fed. Cir. 1990) (emphasis in original)).

Because the Court has found that the Defendants willfully infringed, this case is "exceptional," and attorneys' fees should be awarded.  Acticon submitted a declaration by Stanley S. Zinner, Esq., dated June 5, 2007, setting forth that the legal fees for this case totaled

$22,412.50, and costs and expenses totaled $1,717.55.  In arriving at these figures, counsel correctly allocated and apportioned the fees and expenses between the defaulting Defendants and the Defendants which settled.  I therefore recommend that Acticon be awarded a total of $24,130.05 in attorneys' fees and costs, to be divided equally among the defaulting Defendants, Advance and LyCOM.

### **Injunctive Relief**

Plaintiff additionally requests injunctive relief, which may be granted by the district court to prevent additional patent infringement "on such terms as the court deems reasonable."  35 U.S.C. § 283.  The Supreme Court recently held that the traditional test applied by federal courts in deciding whether to award permanent injunctive relief applies to cases brought under the Patent Act:

> According to well-established principles of equity, a plaintiff seeking a permanent injunction must satisfy a four-factor test before a court may grant such relief. A plaintiff must demonstrate: (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction.

*eBay Inc. v. MercExchange, L.L.C.*, 126 S. Ct. 1837, 1839 (2006) (citations omitted).  "The decision to grant or deny permanent injunctive relief is an act of equitable discretion by the district court, reviewable on appeal for abuse of discretion."  *Id.* (citation omitted).

Acticon's injuries are clearly established and, since there is serious doubt that Acticon will be successful in collecting any monetary award in this case, likely irreparable.  The only hardships involved inure in favor of Acticon, and the public interest in the enforcement of

intellectual property rights warrants the issuance of injunctive relief as the only enforceable remedy.

## CONCLUSION

For the foregoing reasons, I recommend that Acticon be awarded judgment against Advance and LyCOM in the amount of $1,000.00 each, which awards should be trebled. I further recommend an award of prejudgment interest on the compensatory damage amounts of $1,000.00 against each Defendant at the 52-week Treasury Bill rate, compounded annually, as set forth in 28 U.S.C. § 1961. In addition, I recommend an award of attorneys' fees in the amount of $22,412.50, plus costs and expenses of $1,717.55, for a total of $24,130.05, equally divided between Advance and LyCOM.

Finally, I recommend that permanent injunctions issue against the Defendants as follows: (1) a permanent injunction barring Advance and DTK from further infringement of Acticon's patents, and precluding the listing and offering for sale of the following items:   PC Cards (PCMCIA form factor devices), including but not limited to USB 2.0 CardBus PC Cards PUC-102, PUC-102N, PUC-104, PUC-104N, PUC-204, PFC-103, PFC-103T, PFC-1031, and PFC-1031T, or any colorable variation thereof; and (2) a permanent injunction barring LyCOM from further infringement of Acticon's patents, and precluding the listing and offering for sale of the following items:  PC Cards (PCMCIA form factor devices), including but not limited to USB 2.0 (NEC) CardBus PC Card 2 Ports (PC-110), Mobile Serial ATA 2 Port CardBus PC Card (ST-109), USB 2.0 (NEC) + IEEE1394a(TI) Combo CardBus PC Card 4 Ports, SATA-II-150 CardBus Adapter, or any colorable variation thereof.

## NOTICE

NOTICE

Pursuant to 28 U.S.C. § 636(b)(1), as amended, and Rule 72(b), Fed. R. Civ. P., the parties shall have ten (10) days, plus an additional three (3) days, pursuant to Rule 6(e), Fed. R. Civ. P., or a total of thirteen (13) working days, (*see* Rule 6(a), Fed. R. Civ. P.), from the date hereof, to file written objections to this Report and Recommendation. Such objections, if any, shall be filed with the Clerk of the Court, with extra copies delivered to the chambers of the Honorable Colleen McMahon at the United States Courthouse, 500 Pearl Street, Room 640, New York, New York 10007, and to the chambers of the undersigned at this Courthouse, 300 Quarropas Street, Room 434, White Plains, New York 10601.

Failure to file timely objections to the Report and Recommendation will preclude later appellate review of any order to judgment that will be entered by Judge McMahon. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Frank v. Johnson*, 968 F.2d 298 (2d Cir.), *cert. denied*, 113 S.Ct. 825 (1992); *Small v Secretary of H.H.S.*, 892 F.2d 15, 16 (2d Cir. 1989) (*per curiam*); *Wesolek v. Canadair, Ltd.*, 838 F.2d 55, 58 (2d Cir. 1988). Requests for extensions of time to file objections must be made to Judge McMahon and should *not* be made to the undersigned.

Dated:   August 1, 2007
         White Plains, New York

Respectfully submitted,

_____
MARK D. FOX
UNITED STATES MAGISTRATE JUDGE

Copies of the foregoing have been sent to the following:

Honorable Colleen McMahon, U.S.D.J.

9

Stanley S. Zinner, Esq.
Attorney for Plaintiff
58 South Service Road, Suite 410
Melville, N.Y. 11747

Advance Creative Computer Corp.
2F, No. 28, Lane 80
NanKang Road, Sec. 3
Taipei 115
TAIWAN, R.O.C.

LyCOM Technology, Inc.
4F-3, No. 48, Bau-Chiau Road
Hsin-Tien City
Taipei Hsien
TAIWAN, R.O.C.